IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CIERRA HALL, as next friend for S.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL CASE NO. 1:20-cv-981-ECM (WO) |
| DIVINE OF SOUTHEAST, LLC, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.   INTRODUCTION**

Plaintiff Cierra Hall, as next friend for S.M.[1], a minor, ("Hall") filed this action against defendant Divine of Southeast, LLC on November 30, 2020. (Doc. 1). She alleges claims of sexual harassment discrimination, hostile work environment and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). The Summons and Complaint were issued to the Defendant on December 4, 2020. (Doc. 4). A receipt card showing service of the summons and complaint was returned on December 11, 2020. (Doc. 5). However, there is no signature on the receipt card, but the initials "KFC" are on the signature line and "CO12 Covid 19" are printed in the place for the name of the signatory. (*Id*.). No answer was filed on behalf of the Defendant at that

---

[1] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04mc3228, the minor child's name is redacted and she is referred to only by her initials, S.M..

time, and the Plaintiff filed an application to the Clerk of Court for an Entry of Default on January 26, 2021. (Doc. 6). The Clerk completed the Entry of Default and mailed a copy to the Defendant on February 12, 2021.[2] (Doc. 7).

On March 10, 2021, the Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 8). On April 6, 2021, the Defendant filed a motion to set aside the entry of default, (doc. 13), and filed an answer. (Doc. 14). The Plaintiff filed a response in opposition to the Defendant's motion to set aside the entry of default. (Doc. 21). Upon consideration of the motions, and for the reasons that follow, the Court concludes that the Defendant's motion to set aside the entry of default (doc. 13) is due to be GRANTED and the Plaintiff's motion for default judgment (doc. 8) is due to be DENIED as moot.

## II.  JURISDICTION

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the jurisdictional grant found in 42 U.S.C. § 2000e-5(f)(3).

Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III.  LEGAL STANDARD

It is well-settled that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). An entry of default must precede an entry of default judgment.

---

[2]  There is no indication on the docket to indicate how the entry of default was mailed, and there is no "return to sender" notation, and no return receipt card received by the Court.

When a defendant "has failed to plead or otherwise defend" against claims, and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. FED. R. CIV. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

A default judgment may be entered where a defendant "has failed to plead or otherwise defend as provided by these rules." FED. R. CIV. P. 55(a). However, a defendant's failure to appear and an entry of default by the Clerk does not automatically entitle the plaintiff to default judgment, and "a defendant is under no obligation to plead or otherwise defend until and unless it is served with the summons and complaint." *Johnson v. Champions*, 2013 WL 275957, *1 (S.D. Ala. 2013) (internal quotations omitted).

## IV.  DISCUSSION

After the Clerk completed an Entry of Default, the Defendant filed a motion to set aside the entry of default and an answer which responds to and acknowledges the pending lawsuit. The Court may "set aside an entry of default for good cause shown." Fed. R. Civ. P. 55(c). No default judgment has been entered in this case. The distinction is important because the standard to be applied differs.

> The importance of distinguishing between an entry of default and a default judgment lies in the standard to be applied in determining whether or not to set aside the default. The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.

*E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir. 1990).

Because default judgment has not been entered, the Court must determine whether the Defendant has demonstrated good cause for setting aside the entry of default. *See Heaton v. Geico Ins. Co.,* 2015 WL 5457943, *1 (S. D. Ala. 2015); *Elektra Entertainment Gr., Inc. v. Johnson*, 2007 WL 1185790, * 1 (S.D. Ala. 2007).

> 'Good cause' is a mutable standard, varying from situation to situation. . . .We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. . . . Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense.

*Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (internal quotation marks and citations omitted). Of course, "these factors are not talismanic;" they are simply a "means of identifying circumstances which warrant a finding of good cause to set aside a default." *Id*. (internal quotations omitted).

In this case, the Court concludes that good cause exists to set aside the entry of default. First, the Defendant was not properly served when the default was entered by the clerk. The named defendant in this action is a limited liability company. Service of process is governed by Fed. R. Civ. P. 4(h) which permits service of a limited liability company to be effectuated in the following manner:

> (1) in a judicial district for the United States:
>  (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>  (B) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

4

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or by any other agent authorized by appointment or by law to receive service of process—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant; or
> (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

Fed. R. Civ. P. 4(h).

Fed. R. Civ. P. 4(h)(1)(A) and (B) contemplate service on a corporation in the same manner as service on an individual under state law or by delivery on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Hall did not attempt to serve the Defendant by delivery, but rather attempted to serve the limited liability company by certified mail. *See* Fed. R. Civ. P. 4(e)(1) and 4(h)(1)(A).

Alabama law permits service of process by certified mail pursuant to Rule 4(i)(2)(B)(i) of Alabama's Rules of Civil Procedure. "In the case of an entity to be served within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision." Ala. R. Civ. P. 4(i)(2)(B)(i).

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did

5

>   actually receive the summons and complaint in time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(C).

Thus, pursuant to Fed. R. Ci. P. 4(e)(1) and (h)(1)(A) and under Alabama law, the limited liability company defendant can be served by certified mail. Ala. R. Civ. P. 4(i)(2). However, service by certified mail is not effectuated until "delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." *Id*. Service was attempted on the Defendant by mailing the summons and complaint to "Divine of Southeast, LLC, 1801 S.E. Ross Clerk Cir., Dothan, AL 36301." (Doc. 5). There is no signature on the receipt card. Instead, the initials "KFC" and "CO12 COVID19" are written under "received by." There is no indication on the receipt card that service was effectuated on an agent or addressee. Thus, the certified mail receipt merely indicates that the mail was received by an unknown person at 1801 S. E. Ross Clark Circle in Dothan, Alabama.

To properly serve a limited liability company by certified mail, Hall must serve "an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). "If service is to be effectuated through certified mail the addressee must be a person described in Rule 4(c)" of the Alabama Rules of Civil Procedure. *Hines v. Regions Bank*, 782 F. App'x 853, 854 (11th Cir. 2019).[3] Moreover, Ala. R. Civ. P. 4(i)(2)(B)(i) clearly

---

[3] While the Court recognizes that *Hines*, *supra*, is an unpublished opinion, the Court finds its analysis to be persuasive.

contemplates service on a person. *Id.*; *Parks v. Quality Service Integrity*, 2015 WL 6872498, *3 (N.D. Ala. 2015).

> Service on an artificial entity may be made by certified mail, but the addressee shall be a person described in the appropriate subsection [of Rule 4(c)]. *Id.* 4(i)(2)(B)(i), (ii). That is, the mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6).

*Johnson*, 2013 WL 275957 at 2 (internal brackets added). *See also, Parks*, 2015 WL 6872498 at 3.

In this case, the Summons and Complaint were addressed to "Divine of Southeast, LLC" the corporate entity. It was not addressed to any person. Thus, the Court concludes that Hall's "attempt at service did not comport with the Alabama Rules of Civil Procedure" and thus, the Federal Rules of Civil Procedure, because it was not addressed to any officer, agent or person as required by the Rules. *Hines*, 782 F. App'x at 855. Because the summons and complaint were not addressed to a person as contemplated by the Rules, the Plaintiff has failed to demonstrate that she perfected service of process on the corporate defendant. Because the Defendant had not, at the time of entry of default, been properly served, the Court concludes that good cause exists to set aside the entry of default.

Next, the Plaintiff has failed to demonstrate that she would suffer any specific undue prejudice from setting aside the entry of default. *See generally, United States v. Andrews*, 2010 WL 2507278 (M.D. Ga. 2010) ("The [Plaintiff] would suffer prejudice in a general sense as a result of setting aside the default. However, the [Plaintiff] has put forth no evidence showing that it would suffer any particular prejudice, like the loss of evidence.")

(brackets added). Requiring the Plaintiff to litigate her claims is not prejudicial. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) (citing *Lacy v. Sitel Corp.,* 227 F.3d 290, 293 (5th Cir. 2000) for the proposition that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require [her] to prove [her] case.") (brackets added).

Finally, the Defendant asserts that it has meritorious defenses to the Plaintiff's claims. (Doc. 13-1). On April 2, 2021, the Defendant authorized his attorney to accept service, (doc. 13), and has filed an answer in response to the Complaint. (Doc. 14).

The Court is cognizant of the Eleventh Circuit's "strong policy of determining cases on their merits" and "therefore view[s] defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). For these reasons, the Court concludes that the Defendant has demonstrated good cause to set aside entry of default.

## V.  CONCLUSION

Accordingly, it is

ORDERED that the Defendant's motion to set aside the entry of default, (doc. 13) is GRANTED. It is further

ORDERED that the Plaintiff's motion for hearing and motion for entry of default judgment, (doc. 8), are DENIED as moot.

DONE this 9th day of June, 2021.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE